## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLIFFORD LAMONT DRISKELL, and<br>DALLAS CHARLES DRISKELL,<br><br>Defendants. | Case No. 25-CR-245-JFH |

### OPINION AND ORDER

Before the Court are three matters ripe for resolution. These are (1) the United States of America's ("Government") Notice of Intent to Admit Evidence under Federal Rule of Evidence 404(b) ("Rule 404(b) Notice"); (2) the Government's Notice of Intent to Impeach Defendants with Prior Convictions under Rule 609 ("Rule 609 Notice"); and (3) the Government's Notice of Intent to Officer Expert Testimony ("Rule 16 Notice"). Defendant Dallas Charles Driskell objects to all of these Notices, although some of those objections are outdated after pleading guilty to one of his charges. Defendant Clifford Driskell has not filed any responses or objections.

### BACKGROUND

Defendants Clifford Driskell and Dallas Driskell are brothers who are charged with drug conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(B). Dkt. No. 2. In addition to drug conspiracy, Clifford Driskell is also charged with felon in possession of a firearm and ammunition in violation 18 U.S.C. §§ 922(g)(1) & 924(a)(8), as well as simple possession of phencyclidine in violation of 21 U.S.C. § 844(a). *Id.* Although Dallas Driskell was also charged with felon in possession of a firearm, he has since pled guilty to that count. Dkt. No. 47. So, he is only on trial for his drug conspiracy charge.

## AUTHORITY AND ANALYSIS

I.    **THE GOVERNMENT'S RULE 404(b) NOTICE [DKT. NO. 38]**

The Government first seeks to admit evidence of Defendants Clifford Driskell and Dallas Driskell's prior acts as *res gestae*, or in the alternative, pursuant to Federal Rule of Evidence 404(b).  These prior acts are:

(1) Clifford Driskell's prior felony convictions for (i) possession with intent to distribute and distribution of cocaine base and possession with intent to distribute and distribution of phencyclidine, and (ii) possession of a firearm after felony conviction;

(2) Dallas Driskell's prior convictions for (i) second-degree burglary, (ii) possession of a firearm after felony, and (iii) indecent exposure; and

(3) Evidence that defendant Clifford Driskell traded items, possibly narcotics, for the firearms charged in the Indictment.

Dkt. No. 38 at 1-2.  The Court will examine each category of evidence below.

### A. Clifford Driskell's Prior Felony Convictions

As stated above, the Government offers Clifford Driskell's prior felony convictions as *res gestae* evidence of his felon in possession of a firearm charge.  Evidence is *res gestae* when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) (quoting *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009)).  If evidence is *res gestae*, then Rule 404(b) does not apply, and the evidence is admissible if it survives Rule 403 balancing.

Here, Clifford Driskell's prior convictions are *res gestae*.  Indeed, to support a conviction for his felon in possession of firearm charge, the Government must prove that Clifford Driskell (1) knowingly possessed a firearm; (2) was previously convicted of a felony; (3) knew he was a convicted felon when he possessed the firearm; and (4) that the possession was in or affecting interstate or foreign commerce.  *See* Tenth Circuit Pattern Criminal Jury Instruction 2.44 (last

updated March 11, 2026).  Accordingly, Clifford Driskell's prior convictions are "necessary for the Government to prove that [he] was previously convicted of a felony and that he was aware such conviction at the time of possession in its case-in-chief." *United States v. Cordell*, No. 24-CR-083-JFH, 2024 WL 4564170, at *3 (E.D. Okla. Oct. 24, 2024).  And because it establishes essential elements of this charge, it holds significant probative value.

However, admission of these convictions could also impose significant prejudice on Clifford Driskell.  For instance, his prior drug-related conviction is similar to his current drug-conspiracy and drug possession charges, making it more likely that the jury could infer criminal propensity and find him guilty because he was convicted of similar conduct in the past. Furthermore, his previous conviction for felon in possession of a firearm is essentially identical to the felon in possession charge in this case.  Thus, there is a similar danger of the jury finding him guilty of this charge based on his previous firearm conviction.

Ultimately, the probative value of these convictions outweighs their prejudice.  At the same time, the Court finds it necessary to minimize this prejudice.  So, the Court will allow the Government to admit evidence establishing that Clifford Driskell had two prior felonies.  However, the Government cannot introduce the names of these felonies or their underlying circumstances. *See United States v. Wacker*, 72 F.3d 1453, 1472 (10th Cir. 1995) ("Whereas the fact of a defendant's prior felony conviction is material to a felon in possession charge, the nature and underlying circumstances of a defendant's conviction are not.").  In other words, the Government may present evidence that he was convicted of felonies in the past, but it may not present evidence that he was convicted for a drug-related felony or felon in possession of a firearm.

### B. Dallas Driskell's Prior Felony Convictions

The Government also seeks to admit Dallas Driskell's prior convictions as *res gestae* evidence of his felon in possession of firearm charge. In the alternative, it seeks to offer this evidence against him under Rule 404(b) to show that he was a felon and knew he was a felon when possessed the firearms. However, after the Government filed its Rule 404(b) Notice, Dallas Driskell pled guilty to this charge. Dkt. No. 47. So, it is no longer *res gestae* evidence. And because the Government cites no other purpose for admitting this evidence under Rule 404(b), it cannot be admitted under that Rule either. For these reasons, these convictions are inadmissible except for impeachment purposes as discussed later in this opinion.

### C. Evidence that Clifford Driskell Traded Items

Finally, while executing a search warrant at the brothers' residence, Dallas Driskell allegedly told law enforcement officers that Clifford traded items for the firearms found in their house. Dkt. No. 39 at 3. Accordingly, the Government seeks to admit "[e]vidence that defendant Clifford Driskell traded items, possibly narcotics, for the firearms charged in the Indictment" as *res gestae* evidence of his felon in possession charge. *Id.* at 1.

The Court agrees with the Government that evidence of trading items for firearms would be *res gestae* of Clifford Driskell's felon in possession of firearm charge. Such evidence would be highly probative that he possessed and knew he possessed the firearms. And because this evidence supports several elements of his felon in possession charge, its probative value outweighs any potential evidence.

Notably, however, the Government does not mention any other evidence under this category beyond Dallas Driskell's statement to law enforcement. *Id.* at 6. And, the Government does not present any argument as to whether this statement is admissible under a hearsay exclusion

or exception.  So, while the Court recognizes that the Government might seek to admit evidence that Clifford Driskell traded items for firearms, the Government is reminded that any evidence offered to prove that fact must still satisfy other Federal Rules of Evidence.

## II.     THE GOVERNMENT'S RULE 609 NOTICE [DKT. NO. 51]

The Government also seeks to impeach both Defendants with their prior convictions under Federal Rule of Evidence 609, which allows the Government to admit a defendant-witness's prior criminal convictions to attack his character for truthfulness in the following scenarios.

First, conviction of a crime punishable by death or imprisonment for over one year must be admitted if "the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B).  The Tenth Circuit has identified five factors to consider whether exclusion of evidence is warranted under Rule 609(a)(1)B). *See United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014).  These are: (1) the impeachment value of the defendant's prior offenses; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past offenses and charged crimes; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *Id.*

Second, a prior conviction for any crime regardless of its punishment must be admitted "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).  "[C]rimes characterized by an element of deceit or deliberate interference with the truth are per se crimes of dishonesty or false statement." *Burke v. Regalado*, 935 F.3d 960, 1017 (10th Cir. 2019) (quotations and citations omitted).  If a defendant is convicted for a crime of a dishonest act or false statement, evidence of that conviction must be admitted for impeachment purposes, regardless of its prejudicial effect. *Id.* at 1018.

Finally, if more than 10 years have passed since the defendant-witness's conviction or release from confinement for it, whichever is later, then that conviction is admissible only if: (1) "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect;" and (2) "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."  Fed. R. Evid. 609(b). With this framework in mind, the Court will proceed to the Government's Rule 609 Notice.

### A. Clifford Driskell's prior convictions are inadmissible.

The Government first seeks to impeach Clifford Driskell with a January 2007 felony conviction in the Eastern District of Oklahoma for possession with intent to distribute and distribution of cocaine base and phencyclidine.  Dkt. No. 51 at 1.  Although the Government states his sentence was later revoked, it did not state when he was released after serving his revocation sentence.  However, the Court found—on its own accord—that Clifford Driskell commenced his second term of supervised release on September 30, 2014.  *See United States v. Driskell*, Case No. 12-CR-028 (W.D. Okla.) at Dkt. No. 20.  So, over ten years have passed since his release from confinement.

Because more than ten years have passed, this conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."  Fed. R. Evid. 609(b).  However, this conviction did not require a finding of deceit or dishonesty, so it has minimal probative value of his veracity.  Furthermore, this drug-related conviction is similar to his current drug-conspiracy and drug possession charges in this case, making it more likely that the jury would infer criminal propensity and find him guilty because he was convicted of similar conduct in the past.  Finally, the Government's Rule 609 Notice provides no specific facts and circumstances supporting admission.  Accordingly, his January 2007 conviction is inadmissible for impeachment purposes.

Next, the Government seeks to impeach Clifford Driskell with an April 2014 felony conviction in Oklahoma County, Oklahoma, for distribution of a controlled dangerous substance. Dkt. No. 51 at 1.  Again, the Government does not provide the date he was released.  However, his judgment and sentence were suspended on May 6, 2014, and the Court finds no other docket entries suggesting he was reincarcerated for this conviction after that date.  *See Oklahoma v. Driskell*, Case No. CF-20013-3702 (Okla. Cnty, Okla.).  So, over ten years have passed since his release from confinement.  Incorporating the reasoning above, the probative value of this conviction does not substantially outweigh its prejudicial effect either.  Fed. R. Evid. 609(b).  Accordingly, his April 2014 conviction is inadmissible for impeachment purposes.

### B. All of Dallas Driskell's prior convictions are admissible for impeachment purposes except for his indecent exposure conviction.

The Government also seeks to impeach Dallas Driskell with his prior felony convictions. Dkt. No. 51.  These include:

- Two convictions for possession of a firearm after felony conviction, in Muskogee County, Oklahoma, in September 2014 and March 2015 respectively, as well as the revocation of those suspended sentences in July 2018;

- A conviction for second-degree burglary in Muskogee County, Oklahoma, in September 2014 and the revocation of that suspended sentence in July 2018; and

- A conviction for indecent exposure in Muskogee County, Oklahoma, in September in March 2019.

*Id.*  Even though some of these convictions occurred over ten years ago, revocation of his suspended sentences occurred less than ten years ago.  Thus, all of these convictions are still within Rule 609's ten-year window.  *See United States v. Phillips*, 487 F. Supp. 3d 1126, 1131 (D.N.M. 2020) (holding that Rule 609(b)'s ten-year clock starts on the date the defendant was released from confinement for a parole or probation violation, not the date of the original conviction itself) (citing

*United States v. Jefferson*, 925 F.2d 1242, 1256 (10th Cir. 1991)).  Because Rule 609(a)(1)(B) governs, the Court must apply the *Smalls* factors to determine whether these convictions are admissible.

## 1.  Impeachment Value

When evaluating the impeachment value of a defendant's prior crimes, "a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-106-CVE, 2021 WL 2290574, at *2 (N. D. Okla. June 4, 2021).  However, none of these prior convictions are particularly probative of Defendant's veracity. Indeed, "prior convictions for felon in possession of a firearm . . . do not have the impeachment value of a crime involving dishonesty."  *United States v. Thomas*, No. 23-CR-041-JFH, 2023 WL 4585919, at *3 (N.D. Okla. July 18, 2023).   Similarly, "burglary in the second degree do[es] not involve characteristics that go to Defendant [Driskell's] capacity for truthfulness" either.  *United States v. Walker*, No. 23-CR-311-JFH, 2024 WL 182285, at *6 (N.D. Okla. Jan. 17, 2024) (citing *United States v. Mejia-Alacron*, 995 F.2d 982, 989 (10th Cir. 1993);  *United States v. Dunson*, 142 F.3d 1213, 1215 (10th Cir. 1998)).  The same is true for indecent exposure.  *See United States v. Perryman*, No. 11-CR-0100-CVE, 2012 WL 1536745, at *3 (N.D. Okla. May 1, 2012).  Therefore, this factor weighs against admission.  *Id.*

## 2.  Temporal Proximity

The second factor considers the duration of time between a defendant's prior convictions and the current case.  Importantly, "a prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion."  *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *2 (N.D. Okla. June 4, 2021) (quoting *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014)).

8

In contrast, "the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Id.* Here, the revocations on his felon in possession charges and second-degree burglary, as well as his conviction for indecent exposure, all occurred within the last six years. This relatively recent period weighs in favor of admission.

### 3. Similarity to the Current Offense

"The third factor, which compares the similarity of the current charged crime to the prior conviction, weighs against admitting the prior conviction for impeachment if the crimes are similar." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *Caldwell*, 760 F.3d at 288). Indeed, "[t]he greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility." *Id.*

In this case, Dallas Driskell has already pled guilty to Count Three, which charges him with being a felon in possession of a firearm. Dkt. Nos. 2, 47. Accordingly, the only remaining charge against him is one count of drug conspiracy, which is dissimilar to his prior convictions. So, this factor favors admission.

### 4. Importance of Testimony

When considering the fourth factor, "the Court must determine whether the apprehension of potential impeachment by prior convictions will cause defendant to abstain from testifying, thus damaging his right to a full defense." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *United States v. Cueto*, 506 F. Supp. 9, 14 (W.D. Okla. 1979)). "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction." *Id.*

Dallas Driskell's prior convictions for felon in possession of a firearm and second-degree burglary are not particularly prejudicial in light of his pending drug conspiracy charge. Indeed, these prior convictions are dissimilar from drug conspiracy, so the danger of the jury inferring his criminal propensity in this case is lower. Furthermore, convictions for burglary and possession of a firearm do not involve violence against another, so the danger of inferring his violent character is also low. *See* Okla. Unif. Jury Instructions CR 5-13; CR 6-39. And, there is nothing else about these crimes to suggest they would be particularly shocking to a juror's conscience. So, this factor favors admitting his felon in possession of a firearm and second-degree burglary convictions.

However, his prior conviction for indecent exposure is different. To be convicted for indecent exposure under Oklahoma law, a defendant must have willfully and lewdly exposed his "person/penis" in a public place or a place where others there were other persons present. Okla. Unif. Jury Instruction CR 4-131. Accordingly, if his prior conviction for indecent exposure is admitted, "there is a substantial danger of unfair prejudice because the jury may improperly presume that [Dallas Driskell] is a morally culpable individual." *Perryman*, No. 11-CR-100-CVE, 2012 WL 1536745, at *2. Thus, this factor weighs against admitting his indecent exposure conviction.

### 5. Centrality of Credibility

"When evaluating the final factor, the centrality of defendant's credibility at trial, the Court must consider whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–e.g., if defendant's testimony is corroborated by other sources." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Id.*

(citing *Caldwell*, 760 F.3d at 288).  While evidence in this case may include Dallas Driskell's testimony, a significant portion of this case will also rely on expert testimony, chemical analysis reports, photographs, video, text messages, and other records.  Because his credibility is less central at trial, this factor weighs against admission as well.

### 6.  Rule 609(a)(1)(B) Balancing

Following a review of the *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)).  Although the impeachment value of his second-degree burglary and firearm possession convictions is low, they still have some relevancy, as "[t]he implicit assumption of Rule 609 is that prior felony convictions have probative value." *United States v. Howell*, 285 F.3d 1263, 1268 (10th Cir. 2002) (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998)).  Furthermore, the majority of the other factors favor admission.  Accordingly, the probative value of these prior convictions outweighs their potential prejudicial effect.

However, only two of the five *Smalls* factors favor admitting his indecent exposure conviction.  And not only is there little impeachment value to this conviction, but there is a strong danger the jury will view Dallas Driskell as a morally culpable individual if this conviction is admitted.  So, the Court finds the probative value of this conviction does not outweigh its prejudicial effect.

Therefore, the Government may not impeach Dallas Driskell with his prior conviction for indecent exposure.  However, it may impeach him with his prior convictions and revocations for second-degree burglary and possession of a firearm after felony.  *See United States v. Dixon*, 38 F. App'x 543, 547 (10th Cir. 2002) (holding that prosecutor's questions regarding revocation of

11

probation and subsequent sentence of imprisonment were proper under Rule 609(a)(1)). If the Government does so, cross-examination under Rule 609 is limited to "a showing of the essential facts of convictions, the nature of the crimes, and the punishment." *United States v. Commanche*, 577 F.3d 1261, 1270 (10th Cir. 2009) (quoting *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977)).

Finally, "[i]n most cases, the admissibility of 609(a)(1) evidence cannot be finally decided in a pretrial hearing," as "a 609(a)(1) ruling . . . necessarily requires a district court to balance the prejudicial effect and probative value of the disputed evidence, a task that can only be performed by reference to the other contextual evidence presented at trial." *Commanche*, 577 F.3d at 1270. Accordingly, this ruling remains subject to the evidence presented at trial.

## III. THE GOVERNMENT'S RULE 16 NOTICE [DKT. NO. 39]

On March 16, 2026, the Government filed its Rule 16 Notice notifying the Defendants of its intent to introduce expert testimony at their trial. Dkt. No. 39. Among those experts listed was Ryan D. Young, a Special Agent with the Drug Enforcement Administration. *Id.* at 2. Attached as an exhibit was a letter from the Government to Defendants' counsel summarizing what Mr. Young would opine on. Dkt. No. 39-5. An excerpt of that summary is provided below:

> Based on his training and experience as a law enforcement officer generally and a Special Agent for the Drug Enforcement Administration specifically, Special Agent Young will testify about the indicators of illicit drug operations, coded language and street slang used by drug traffickers, the amounts generally possessed by drug users versus drug traffickers, the various prices of methamphetamine, and other factors relevant to drug distribution. He will also testify about firearms, including drug distributors' possession and/or use of firearms.
>
> Specifically, Special Agent Young will testify that the amount of methamphetamine seized in this case, as set forth in the DEA Chemical Analysis Reports attached hereto, is a quantity that is indicative of distribution or trafficking.

*Id.*

Dallas Driskell objects to several portions of this Notice.  In particular, he argues that the Notice fails to provide "any information regarding what these indicators of illicit drug operations are, what coded language is relevant to the instant case, what street slang used by traffickers was used in the instant case, how much a user might be expected to possess as opposed to a distributer [sic], or what other factors might be relevant to drug distribution in this case."  Dkt. No. 44 at 2. He also argues that "other factors relevant to drug distribution" prevents him from adequately anticipating Mr. Young's opinions.  *Id.*  For these reasons, he believes he is unable to determine whether Mr. Young's opinions would satisfy Rule 702 and unable to prepare an adequate defense strategy.  *Id.*  For the following reasons, the Court agrees.

### A.  The Government's Rule 16 Notice is insufficient.

Prior to 2022, Federal Rule of Criminal Procedure 16 required the Government to merely provide a "written summary" of an expert witness's proposed testimony.  *See* Fed. R. Crim. P. 16 (2013) (amended 2022).  However, in its current form, Rule 16 requires something more specific— "a complete statement" of all opinions that the Government will elicit from the witness in its case-in-chief, the bases and reasons for them, the witness's qualifications, and a list of other cases that the witness has testified at as an expert over the previous four years.  Fed. R. Crim. P. 16(a)(1)(G). True, this requirement "falls far short of the 'complete statement' required of litigants in civil case." *United States v. Nacchio*, 555 F.3d 1234, 1262 (10th Cir. 2009) (en banc) (McConnell, J., dissenting).  However, it does not relieve the Government of its burden to "disclose the specific opinions that will be elicited and not simply provide a general description of the topics that will be covered."  *United States v. Briscoe*, 703 F. Supp. 3d 1288, 1294 (D.N.M. 2023); *see also United States v. Clinesmith*, No. 23-20063, 2025 WL 2884427, at *6 (D. Kan. Oct. 9, 2025).

Ultimately, to satisfy amended Rule 16, a notice "must clearly state what opinions the expert will give and the bases for those opinions, such that the notified party can discern what opinions the expert holds, why the expert holds those opinions, and how those opinions relate to the facts of the case." *United States v. Vaughan*, No. 4:22-CR-00162, 2025 WL 844363, at *2 (E.D. Tex. Mar. 18, 2025) (citations omitted). For the most part, the Government has failed to do that here. For example, the Government's Rule 16 Notice states that Mr. Young will testify about:

- the indicators of illicit drug operations, coded language, and street slang used by drug traffickers;

- amounts generally possessed by drug users versus drug traffickers, the various prices of methamphetamine, and other factors relevant to drug distribution, and

- firearms, including drug distributors' possession and/or use of firearms.

Dkt. No. 39-5. However, these statements "[m]erely identify[ ] the general topics about which the expert will testify," instead of providing Agent Young's actual opinions. *United States v. Kwok*, No. 23 CR. 118 (AT), 2024 WL 1773143, at *2 (S.D.N.Y. Apr. 24, 2024) (quotations and citations omitted). The Notice does not provide his opinions on whether specific language relevant to this case is coded language or street slang used by drug traffickers. Nor does it provide any specific opinions about firearms used in drug distribution and how those opinions relate to the facts of this case. Indeed, the only opinion specifically provided in this Notice is his opinion that the amount of methamphetamine seized in this case indicates drug distribution or trafficking. Accordingly, most of the Government's Rule 16 Notice is insufficient.

**B. The Government may supplement its Rule 16 Notice.**

"If a party fails to comply with a discovery request, the district court may order sanctions, including (1) issuance of an order demanding compliance, (2) grant of a continuance, (3) exclusion of undisclosed evidence, or (4) the imposition of any other just order." *United States v. Brown*, 592 F.3d 1088, 1090 (10th Cir. 2009); *see also* Fed. R. Crim. P. 16(d)(2). The Tenth Circuit has

identified three factors to guide the district court in its consideration of sanctions for violations of Rule 16. *United States v. Banks*, 761 F.3d 1163, 1198–99 (10th Cir. 2014) (citations and quotations omitted).  These are:

> (1) the reason for the delay, including whether the non-compliant party acted in bad faith;
>
> (2) the extent of prejudice to the party that sought the disclosure; and
>
> (3) the feasibility of curing the prejudice with a continuance.

*Id*.  The Court will apply each of these factors here.

First, the Government timely filed its Rule 16 Notice on March 16, 2026, and there is no evidence of bad faith on the Government's part.  Second, Defendant Dallas Driskell filed his objections to the Government's Rule 16 Notice on March 26, 2026.  Dkt. No. 44.  Since then, the Government has not supplemented or otherwise corrected its Notice.  So, one week before trial, Defendants still do not know the exact opinions that Agent Young may proffer.  Accordingly, prejudice against them is significant.  However, the Court also notes that neither Defendant has requested any specific relief to cure this prejudice. Third, at this stage, a continuance is not warranted where trial is still one week away.  Based on these factors, the Court will allow the Government to supplement its Rule 16 Notice by April 29, 2026 at 5:00 PM.  If the Government does not do so, then the Court will prohibit Agent Young from providing any expert opinions other than his opinion that the amount of methamphetamine seized in this case indicates drug distribution or trafficking.

15

## CONCLUSION

In summary, the Court finds that the following categories of evidence are ADMISSIBLE, provided that the testimony, records, etc., used to prove such facts satisfy all other applicable Federal Rules of Evidence:

- Evidence that Clifford Driskell has two prior felony convictions to establish the elements of his felon in possession charge;

- Evidence that Clifford Driskell traded items for the firearms to establish the elements of felon in possession charge; and

- Evidence of Dallas Driskell's prior convictions and revocations for second-degree burglary and possession of a firearm after felony to impeach him if he testifies.

All other categories of evidence contained in the Government's Rule 404(b) and Rule 609 Notices will be EXCLUDED.

Furthermore, Dallas Driskell's Objections to the Government's Rule 16 Notice are SUSTAINED IN PART AND DENIED IN PART as set forth herein.

IT IS SO ORDERED this 27th day of April 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

16